STATE ex rel. OKLAHOMA BAR ASSOCIATION v. STACK
2023 OK 78
Case Number: SCBD-7489
Decided: 06/19/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 78, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
WILLIAM ANDREW STACK, Respondent.

ORDER APPROVING RESIGNATION

¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association (OBA) has presented the Court with an application to approve the resignation of William Andrew Stack (Respondent) from membership in the OBA. Respondent, was admitted to membership on April 21, 2000; his OBA number is 18606; and he is currently active and in good standing. Respondent's official roster address as shown by the OBA is 1210 Tiffany Lane, Longview Texas 75604-2805.

¶2 On May 17, 2023, the OBA filed an application requesting approval of Respondent's resignation. Simultaneously, the OBA filed Respondent's Affidavit of Resignation Pending Disciplinary Proceedings pursuant to Rules 8.1 and 8.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.2021, ch. 1, app. 1-A. In his affidavit, Respondent voluntarily relinquished his right to practice law, and further requested that this Court approve his resignation from membership in the OBA. Respondent acknowledged the OBA's investigation into specific allegations of misconduct as set forth in more detail herein.

Securities and Exchange Commission Grievance

¶3 The United States Securities and Exchange Commission filed a complaint in federal court against Respondent, claiming violations of various securities laws.

Decision of the Court

¶4 Respondent was admitted to membership in the Oklahoma Bar Association on April 21, 2000. On May 17, 2023, Respondent executed his written affidavit of resignation from membership in the OBA. Complainant transmitted the affidavit of resignation and filed an application for the Court's order approving Respondent's resignation on May 17, 2023.

¶5 Respondent's affidavit of resignation reflects that: (a) his resignation was freely and voluntarily rendered; (b) he was not subject to coercion or duress; (c) he acknowledged awareness of the legal consequences of submitting his resignation; and (d) that his resignation would be subject to approval by this Court.

¶6 The affidavit of resignation states Respondent understands that the OBA initiated the present matter, arising from the above-referenced federal securities violation case. Respondent acknowledged that the above federal court judgment would constitute, at a minimum, violations of the provisions of Rules 8.4(a) and 8.4(c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2021, ch. 1, app. 3-A, along with RGDP 1.3, and his Oath of Attorney.

¶7 Respondent recognized that resignation pending disciplinary proceedings pursuant to Rule 8.2 of the RGDP may be either approved or disapproved, within the discretion of the Supreme Court of Oklahoma.

¶8 Respondent agrees to comply with the notification requirements of Rule 9.1 of the RGDP within twenty (20) days following his resignation.

¶9 Respondent recognizes, understands, and agrees that he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the expiration of five years from the effective date of this Order. Respondent further acknowledged that his license to practice law may be reinstated only upon full compliance with the conditions and procedures prescribed by Rule 11 of the RGDP.

¶10 Respondent affirmed that potential claims against the Client Security Fund may arise and if the OBA approves/pays any such claims, Respondent will reimburse the Fund in the principal amounts together with applicable statutory interest prior to seeking reinstatement. Additionally, Respondent has been ordered by the United States District Court for the Western District of Texas to pay sums associated with violation(s) of federal securities laws in the amount of $771,213.21 (although such judgment is currently the subject of an appeal in the Fifth Circuit Court of Appeals)

¶11 Respondent states that he will surrender his Oklahoma Bar Association membership card to the Office of the General Counsel or destroy the same.

¶12 Respondent acknowledged and agreed that he will cooperate with the Office of the General Counsel in the task of identifying (a) any active client cases wherein documents and files need to be returned or forwarded to new counsel, and (b) any client case where fees or refunds are owed by him.

¶13 Respondent acknowledged that Complainant may have incurred costs in the investigation and prosecution of this matter, and agrees he is responsible for reimbursement of these costs.

¶14 The official roster address of Respondent, as shown by the Oklahoma Bar Association's records, is: 1210 Tiffany Lane, Longview, Texas 75604-2805.

¶15 Respondent's resignation pending disciplinary proceedings complies with the requirements set forth in Rule 8.1 of the RGDP, and the same is approved.

¶16 IT IS THEREFORE ORDERED THAT the resignation of William Andrew Stack be approved, and that his resignation is deemed effective on the date it was filed in this Court, May 17, 2023.

¶17 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys, and--because an attorney's resignation pending disciplinary proceedings is tantamount to disbarment--he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five (5) years from the effective date of this Order (May 17, 2023); additionally, Respondent shall comply in all respects with the notification requirements of RGDP 9.1.

¶18 IT IS FURTHER ORDERED that Complainant has not sought reimbursement of costs associated with the investigation of this matter, and therefore, no reimbursement is ordered.

DONE BY ORDER OF THE SUPREME COURT THIS 19TH DAY OF JUNE, 2023.

/S/CHIEF JUSTICE

ALL JUSTICES CONCUR.

FOOTNOTES